UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MARIE CAPUTO,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO POLICE DEPARTMENT, THE CITY OF SAN DIEGO POLICE COMMISSIONER, et. al.,<br><br>                              Defendants. | Case No.: 16-cv-00943-AJB-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO FILE A FOURTH AMENDED COMPLAINT**<br><br>(Doc. No. 71) |

Pending before the Court is Plaintiff Rose Caputo's ("Plaintiff") motion for leave to amend to file a fourth amended complaint. (Doc. No. 71.) Plaintiff is not represented by counsel and is proceeding *pro se*. Defendant the County of San Diego[1] and Defendants Frank Bigler,[2] City of San Diego, Andrew Fellows, and Shelley Zimmerman filed separate oppositions to Plaintiff's motion. (Doc. Nos. 76, 79.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral

---

[1] Defendant County of San Diego was erroneously sued as the County of San Diego Sheriff's Department.

[2] Defendants spell Defendant Frank Bigler's name as both Bigler and Biggler. The Court will refer to Defendant as Frank Bigler for purposes of this motion.

1

argument. Accordingly, the motion hearing set for January 11, 2018, is **VACATED**. For the reasons set forth more fully below, the Court **GRANTS** Plaintiff's motion.

## I.     BACKGROUND[3]

The instant matter revolves around Plaintiff's civil action for damages pursuant to 42 U.S.C. § 1983. (Doc. No. 26 at 2.)[4] Plaintiff contends that her first, fourth, fifth, eighth, and fourteenth amendment rights were violated when she was allegedly unlawfully arrested on March 14, 2015, for domestic battery and then subjected to various forms of assault, harassment, and slander while also deprived of her civil rights and right to medical care while in custody. (*Id*. at 2, 5.)

From what the Court can decipher, the events leading up to Plaintiff instituting this action are as follows. On March 14, 2015, Plaintiff was apprehended and taken into secondary custody by Sergeant Andrew Fellows. (*Id*. at 5–6.) During her arrest, Plaintiff claims that she cooperated with Defendant Fellows and his various commands. (*Id*. at 6.) Nevertheless, Defendant Fellows purportedly yelled at Plaintiff and while she was exiting her vehicle at his instruction, he allegedly grabbed her left arm, put her in a choke hold, and then threw her out of her car where she landed on her left shoulder and the left side of her head. (*Id*. at 7.) Plaintiff then contends that she was cuffed tightly behind her back where she was so traumatized that she lost control of her bladder. (*Id*. at 7–8.) Throughout this entire ordeal, Plaintiff states that she tried to inform Defendant Fellows that she had nerve damage, severe bulging discs, and that his actions were physically hurting her. (*Id*. at 7.)

This type of brutality allegedly continued to transpire while Plaintiff was in her holding cell and when she was being transported to Scripps Mercy ER. (*Id*. at 8–9.) Specifically, prior to leaving for the ER, Plaintiff was purportedly denied bathroom

---

[3] The following allegations are taken from Plaintiff's third amended complaint. (Doc. No. 26.)

[4] Page numbers refer to the CM/ECF page number and not the page number listed on the original document.

privileges despite Plaintiff informing Defendant Bigler that she had a medical condition called "hypertrophied bladder" that causes her pain when she is not allowed to urinate. (*Id.* at 10.) Defendant Bigler supposedly denied Plaintiff access to the bathroom stating that a female officer needed to be present. (*Id.*) Consequently, unable to withstand the pain, Plaintiff states that she was forced to urinate on the holding cell floor. (*Id.*) When Plaintiff was finally transported to the hospital, Plaintiff alleges that Defendant Bigler interfered with her medical care by influencing the doctor to discharge her. (*Id.* at 11.)

In addition to the foregoing, Plaintiff pleads various other claims including that she was never fully read her rights, she was repeatedly denied a phone call while in custody, she was cuffed in a way that caused her debilitating muscle spasms and nerve pain, that Defendant Bigler put Plaintiff on a 5150 hold as a means of punishing her for exercising her first amendment rights, and that Defendants failed to follow their own internal policies and procedures. (*See generally* Doc. No. 26.) As a result, Plaintiff's prayer for relief requests that the Court order the San Diego Police Department implement free counseling for citizens involved in cases of police misconduct, punitive and compensatory damages, reimbursement for her medical bills in the sum of $2,466.98, and a settlement of no less than $275,000.00 from the City of San Diego, among other things. (*Id.* at 21–24.)

## II.    PROCEDURAL BACKGROUND

Plaintiff filed her initial complaint on April 19, 2016. (Doc. No. 1.) On the same day, Plaintiff also filed her motion for leave to proceed in forma pauperis and motion to appoint counsel, both of which were denied on June 9, 2016. (Doc. Nos. 2, 3, 7.) On April 20, 2016, Plaintiff filed her amended complaint. (Doc. No. 4.) Thereafter, on April 27, 2016, the Court accepted Plaintiff's second amended complaint despite several procedural discrepancies. (Doc. No. 6.) On August 8, 2016, Plaintiff wrote a letter to the Court that attempted to attach her third amended complaint for filing on the docket.[5] (Doc. Nos. 14,

---

[5] All of these complaints were filed pre-service and before the summons was issued. (Doc. Nos. 1, 4, 6, 15, 17.)

3

15.)

On July 14, 2016, Plaintiff filed an amended motion for leave to proceed in forma pauperis, which was again denied on July 27, 2016, finding that Plaintiff had failed to clarify whether she had access to the income attributable to her spouse. (Doc. No. 9; Doc. No. 13 at 3.) Plaintiff subsequently paid the filing fee on October 19, 2016. (Doc. No. 19.)

Beginning in July of 2016, Plaintiff endeavored to file ex parte letters, motions, and additional amended complaints. The majority of these documents were filed as "Document Discrepancies" on CM/ECF.[6] (*See* Doc. Nos. 21–23, 25.) The Court then permitted Plaintiff to file her third amended complaint on June 21, 2017, in an effort to serve an operative pleading on Defendants within the confines of Federal Rule of Civil Procedure 4.[7] (Doc. No. 26.) On July 13, 2017, Plaintiff executed and returned the summons for all Defendants. (Doc. Nos. 28–34.)

On July 21, 2017, Defendant the County of San Diego filed a motion to dismiss, (Doc. No. 35), and Defendant Sheriff Gore filed a motion to quash service of summons and for dismissal of the action, (Doc. No. 36). On July 31, 2017, Defendants Frank Bigler, City of San Diego, Andrew Fellows, and Shelley Zimmerman also filed a motion to dismiss. (Doc. No. 39.) The Court set briefing schedules for all three motions. (Doc. Nos. 37, 38, 41, 42.)

The Court was then again faced with several procedurally defective filings by Plaintiff that were all noticed as "Document Discrepancies." (*See* Doc. Nos. 45, 46, 48.) Among the documents was Plaintiff's motion for leave to amend her third amended complaint filed on September 8, 2017. (Doc. No. 49.) Based upon this filing, the Court

---

[6] The Court notes that Plaintiff was also in constant contact with Judge Battaglia's Chambers and docketing clerk during this time.

[7] On September 8, 2017, the Court issued an order that highlighted that due to a docketing error, Plaintiff's third amended complaint was not fully scanned onto the docket. (Doc. No. 50.) However, the Court addressed and fixed the error after it was brought to the Court's attention. (*Id.*)

4

vacated the hearing dates on Defendants' motions to dismiss and motion to quash pending the ruling on Plaintiff's motion for leave to amend. (Doc. No. 52.)

Subsequently, the Court was presented with another group of "Document Discrepancies" filed by Plaintiff. (*See* Doc. Nos. 53, 55, 57, 61, 62, 64, 70.) Plaintiff's initial motion for leave to amend then followed its normal course and was fully briefed by both parties. However, before the Court issued an order on the motion, Plaintiff filed the instant action, her motion for leave to file a fourth amended complaint. (Doc. No. 71.) Consequently, the Court found as moot Plaintiff's previous motion for leave to amend. (Doc. No. 73.) On November 20, 2017, Plaintiff attempted to file another motion to amend, which was rejected by the Court as Plaintiff had failed to follow Judge Battaglia's civil case procedures. (Doc. Nos. 81, 83.)

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

///

# IV. DISCUSSION

Plaintiff states that the present motion for leave to amend is her "final" request for amendment. (Doc. No. 71 at 1.) The rest of Plaintiff's three-page motion raises various concerns about the policies and practices of Defendants as a whole while also repeating the emotional and psychological damage she allegedly endured after she was arrested. (*See generally* id.) Defendant the County of San Diego (the "County") mounts that any further amendment of Plaintiff's operative complaint will be futile. (*See generally* Doc. No. 76.) Defendants City of San Diego, Chief of Police Shelley Zimmerman, Sergeant Andrew Fellows, and Officer Frank Bigler (herein referred to as "Defendants") focus on Rule 12(b)(6)'s standard to argue that leave to amend should be denied as the proposed amended complaint fails to state a claim for which relief can be granted. (*See generally* Doc. No. 79.)

The Court first notes that it is cognizant that the policy of applying leave to amend with extreme liberality is particularly true where, as in this case, the party seeking leave to amend is a pro se litigant. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend."). However, the Court must balance this policy with the fact that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002) (citation omitted). Under this lens, the Court now turns to the *Foman* factors discussed above to determine if leave to amend should be granted.

## A. Futility

Both the County and Defendants center their oppositions on the factor of futility. The County alleges that Plaintiff's amendment if granted would be futile on seven points: (1) the amended complaint fails to state a claim for municipal federal civil rights liability against the County; (2) the amended complaint fails to allege facts sufficient to state a claim for deliberate indifference as to medical care; (3) violation of a state law/regulation alone does not implicate § 1983; (4) no gender based equal protection discrimination claim is

stated based on Plaintiff's safety cell placement; (5) no Americans with Disabilities Act ("ADA") or rehabilitation act claim is stated against the County; (6) no basis exists for the injunctive relief requested; and (7) no negligence claim is stated against the County. (*See generally* Doc. No. 76.) Defendants in their separate opposition request that the Court dismiss the case as the allegations in the proposed fourth amended complaint would not cure the previously pled deficiencies. (*See generally* Doc. No. 79.)

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *See Carrico v. City & Cty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2001). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Even taking Plaintiff's allegations in the proposed fourth amended complaint as true, the County and Defendants are correct that Plaintiff's amendment is futile. First, as Defendants have highlighted, in general, Plaintiff's amendment would not withstand a motion to dismiss under Federal Rule of Civil Procedure 8. Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, at fifty pages in length, Plaintiff's proposed amended complaint is at times disjointed and overall leaves each of the Defendants to speculate as to which cause of action is being brought against them. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (explaining that under Rule 8, a complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests.") (internal quotation marks omitted).

Moreover, despite naming the County as a Defendant, Plaintiff's complaint wholly fails to allege how the County may be held liable for a federal civil rights violation. *See Monell v. Dep't of Soc. Serv. Of City of New York*, 436 U.S. 658, 690 (1978) ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially

adopted and promulgated by that body's officers."). Further, despite a litany of other allegations, the Court finds that Plaintiff's complaint does not plead facts that would support an equal protection or ADA claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); *see also Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services . . . . and (3) such exclusion or discrimination was by reason of her disability.").

Accordingly, finding that Plaintiff's proposed fourth amended complaint is littered with various pleading deficiencies, this factor weighs heavily in favor of denying leave to amend.

B.    The Remainder of the *Foman* Factors

Neither the County nor Defendants clearly touch upon the rest of the *Foman* factors. However, the Court finds that the majority of the remaining factors support granting leave to amend.

With regard to undue delay, as already noted, Plaintiff has been constantly amending her complaint since April of 2016.[8] (Doc. Nos. 1, 4, 6, 15, 26.) Defendants contend that Plaintiff's continual alterations are little more than a delay tactic. (Doc. No. 79 at 2.) However, the Court again notes that the majority of Plaintiff's various amendments were made pre-service. (Doc. Nos. 1, 4, 6, 15, 26.) Most notably, it seems to the Court that

---

[8] Defendants argue that Plaintiff has had six opportunities to craft a legally sufficient complaint. (Doc. No. 79 at 2.) Defendants than point to ECF document numbers 1, 2, 6, 14, 26, 49. *Id.* However, the Court notes that ECF document 2 is Plaintiff's motion for leave to proceed in forma pauperis and not an attempt to file an amended complaint. (Doc. No. 2.)

Plaintiff persistently amends her complaint as she learns the nuances of the law as a *pro se* litigant. Thus, finding that the County and Defendants would not be prejudiced by this amendment and that there is no evidence that Plaintiff delayed in bringing her motion, this factor weighs in favor of granting leave to amend. *See Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (holding that undue delay is delay that "prejudices the nonmoving party or imposes unwarranted burdens on the court."). Next, there is no indication that Plaintiff seeks amendment in bad faith. *See Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). In relation to the factor of "previous amendments," the Court notes that this will only be the second time Plaintiff has requested leave to amend her complaint post-service—though the first motion for leave to amend was denied as moot based on the filing of the instant motion. (Doc. No. 73.) The Court offsets this point however with the fact that Plaintiff has repeatedly amended her complaint since she first filed this lawsuit in 2016. Accordingly, this factor weighs neutrally. *See Chodos v. West Publ'g Co. Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'") (citation omitted).

As to prejudice, the factor that carries the "greatest weight" among the five *Foman* factors, *Eminence Capital*, 316 F.3d at 1052, the Court finds that Plaintiff has altered and transformed the causes of action pled in her third amended complaint in comparison with her proposed fourth amended complaint. (*See generally* Doc. Nos. 26, 71.) However, as the allegations that led up to her claims remain the same, the County and Defendants would not be substantially prejudiced by amendment; nor do their opposition briefs clearly argue that they will suffer prejudice if amendment is granted. Thus, this factor weighs in favor of granting leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (noting that the party opposing amendment "bears the burden of showing prejudice."); *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (finding that mere addition of new claims in a proposed amended complaint is insufficient to support denial under Rule 15); *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376

9

F.3d 420, 427 (5th Cir. 2004) (finding that when an amendment merely incorporates alternative theories using existing facts, it falls safely within Rule 15(a)'s policy of promoting litigation on the merits over procedural technicalities).

### C.    Balancing of the *Foman* Factors

In sum, the majority of the *Foman* factors weigh in favor of granting leave to amend, with futility being the only factor that weighs against amendment. The Court notes however that "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). Nevertheless, at this juncture, the Court finds that denial based solely on futility is not warranted.

## V.    CONCLUSION

For the foregoing reasons, and in the interests of judicial economy, Plaintiff's motion for leave to amend is **GRANTED**. Plaintiff must file an amended complaint on or before **January 10, 2017**. The Court emphasizes that Plaintiff is being given one last attempt to amend. Thus, the Court stresses that Plaintiff should look at the numerous challenges Defendants have made in their various motions so that she may correct the issues present in her fourth amended complaint. As to Defendants' two motions to dismiss and motion to quash service of summons filed on July 21, 2017, and July 31, 2017, (Doc. Nos. 35, 36, 39), these motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated:  December 22, 2017

Hon. Anthony J. Battaglia
United States District Judge